# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| KEYSTONE RX LLC, | : | No. 93 EAL 2020 |
| | : | |
| | : | |
| | : | |
| v. | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| | : | Commonwealth Court |
| BUREAU OF WORKERS' COMPENSATION FEE REVIEW HEARING OFFICE (COMPSERVICES INC./AMERIHEALTH CASUALTY SERVICES) | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| PETITION OF: COMPSERVICES/AMERIHEALTH CASUALTY SERVICES | : | |
| | : | |
| | : | |
| KEYSTONE RX LLC | : | No. 94 EAL 2020 |
| | : | |
| | : | |
| | : | |
| v. | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| | : | Commonwealth Court |
| BUREAU OF WORKERS' COMPENSATION FEE REVIEW HEARING OFFICE (COMPSERVICES INC./AMERIHEALTH CASUALTY SERVICES), | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| PETITION OF: BUREAU OF WORKERS' COMPENSATION FEE REVIEW HEARING OFFICE | : | |
| | : | |

## ORDER

**PER CURIAM**

 **AND NOW**, this 1st day of September, 2020, the Petition for Allowance of Appeal at 93 EAL 2020 is **GRANTED**, **LIMITED TO** the issues set forth below. Allocatur is **DENIED** as to all remaining issues. The issues, as stated by Petitioner, are:

(1) Did the Commonwealth Court exceed the scope of its authority and substitute its judgment for that of the Pennsylvania Legislature when it promulgated a new rule which mandates non-healthcare providers are entities with standing and the right to intervene in the Workers' Compensation Act's Utilization Review process?

(2) Did the Commonwealth Court err when it gave non-healthcare providers via the right to void at any time, a Utilization Review Determination regarding the reasonableness and necessity of the care of the physician who wrote the prescription which led to the non-healthcare provider providing a good or service to the injured worker?

The Petition for Allowance of Appeal at 94 EAL 2020 is **GRANTED**. The issue, as stated by Petitioner, is:

(1) Whether the Commonwealth Court violated the separation of powers doctrine by engrafting a new requirement onto the Pennsylvania Workers' Compensation Act's process for conducting utilization review of treatment by a health care provider by prospectively directing that non-treating entities be given notice and an opportunity to intervene in utilization reviews?